WILLIAM B. KNIGHT, RECEIVER OF EAST CAMDEN MO-
TOR COMPANY, RESPONDENT, v. HUBER INVESTMENT
COMPANY AND NATIONAL SURETY COMPANY OF NEW
YORK, APPELLANTS.

Submitted October 29, 1925—Decided March 26, 1926.

1. In an action on a replevin bond, the original bond and affidavit of
   value attached thereto, are both relevant and competent, though
   not conclusive, evidence of the value of the chattel replevied.
2. The plaintiff in an action on a replevin bond is entitled to show
   the real value of the property at the time taken, and to recover
   such value with damages for its detention.

On appeal from the Supreme Court.

For the appellants, *Waddington & Mathews.*

For the respondent, *Dean S. Renwick.*

The opinion of the court was delivered by

KALISCH, J.   This is an appeal from a judgment entered
in the Supreme Court, on the verdict of a jury, in the Cam-
den Circuit for the sum of $3,424, in favor of the plaintiff
and against the defendants, in proceedings had under a writ
of inquiry addressed to the sheriff of Camden county, in
an action brought against the defendants by the plaintiff
upon two replevin bonds, which had their origin as follows:
Two cars in the possession of the plaintiff were replevied
from him as receiver of the East Camden Motor Company,
on October 1st, 1925, by the Huber Investment Company,
and in each case the National Surety Company of New York
became surety on the bond given by the Huber Investment
Company, one bond being for $3,550 and the other for
$2,550, the condition in both bonds being in tenor and effect
as follows: "Now, therefore, if the said Huber Investment
Company shall prosecute the said suit in the said court with
effect, and without delay, and shall return the said goods

and chattels, if a return thereof shall be awarded, then the above obligation to be void, otherwise to remain in full force and virtue." The replevin suit came on for trial and resulted in a judgment that the defendant in that action, who is the plaintiff here, was entitled to the possession of the cars, and that the defendant Huber Investment Company make a return of the cars to the plaintiff. The cars were not returned, and the plaintiff, therefore, took an assignment of the bonds in replevin given to the sheriff by the defendants, and brought his action against them, the principal and surety on the bonds, to recover damages resulting from the breach of condition of each bond, in that the Huber Investment Company, principal on the bond, failed to return the cars to the plaintiff in the instant case, as adjudged in the replevin action. The defendants having filed answers to the complaint, which answers were stricken out by the court, an interlocutory judgment was entered against them by the plaintiff, and an inquest was directed for the purpose of ascertaining his damages, and upon its finding judgment final was entered.

The two grounds relied on by the appellants' counsel for a reversal of the judgment are—*first,* "because the under-sheriff admitted in evidence the two original bonds given by the defendants in the prior replevin action, with the usual affidavits of value thereto attached, over the objection of the defendants;" *second,* because the under-sheriff admitted in evidence testimony as to the value of the two automobiles in question as of October 1st, 1924, over the objection of the defendants.

As to the first ground that the original bonds with the affidavits thereto attached were improperly admitted to prove the value of the automobiles at the time they were taken out of the possession of the plaintiff, we think the bonds and affidavits were both relevant and competent, though not conclusive evidence of the value of the cars, at the time they were taken. The fact that one of the bonds given by the defendants' principal and surety was for $3,550 and the other bond for $2,550, and each bond had an affidavit at-

tached, sworn by two disinterested witnesses, as to the value of such car, with equipment and accessories, about to be replevied, which bonds were delivered by the defendants to the sheriff, were tantamount to a statment or representation made by them as to the value of the cars they were about to take by the writ, and, hence, were admissible in an action upon the bonds against them, upon the familiar principle of evidence that the statements as to the value made in the affidavits were admissions against interest. While it is true that the affidavits were not made by them personally, they actually adopted them as their own and took and received the benefit from them by invoking the action of the sheriff, who, relying upon the bonds and affidavits, seized the cars and delivered them to the Huber Investment Company.

This court in *West et al.* v. *James W. Caldwell,* 23 *N. J. L.* 736, declared (at *p.* 739) that the value of the property as stated in the bond is not conclusive as to the value. In that case it appears that the bond was in evidence.

In the instant case there were several witnesses sworn on behalf of the plaintiff as to the value of the automobiles at the time they were replevied.

The second and only other ground relied on by the appellants for a reversal of the judgment is that, in the ascertainment of the damages sustained by the plaintiff, testimony was permitted to be introduced in his behalf as to the value of the automobiles at the time they were taken by the writ. The appellants' contention is that this was error, since the proof of the value of the automobiles should have been limited to the time when judgment was actually rendered in the replevin action, upon the verdict *de retorno habendo,* and not their value at the time of their being taken by the writ of replevin. But this, according to the settled law of this state, is not so. In *West et al.* v. *Caldwell, supra* (at *p.* 740), this court declared: "Neither party can be presumed to have assented to the value in the bond, except for the purpose for which it is there; and the plaintiff was therefore entitled to show the real value of the property at the time taken, and

to recover such value, with damages, for its detention, which is generally the interest which has accrued up to the time of the final judgment, provided the whole does not exceed the penalty of the bond." In *Maguire* v. *Dutton,* 54 *N. J. L.* 597, this court, speaking through Mr. Justice Garrison (at *p.* 598), said: "The measure of damages that a plaintiff may recover in an action of replevin is the real value of the chattel at the time of the tortious possession of the defendant began, with damages for its unlawful detention." Citing *West* v. *Caldwell, supra.*

To adopt any other rule would lead, not only to absurd results, but to injustice. For instance, if A. replevied from B. a car of the value of $1,000, and before a trial of the case was reached, a year should elapse, and in that interval of time A., by the use and wear of the car, had reduced its value to two or three hundred dollars, and in the trial of the cause a verdict was rendered in favor of B. and a return to B. by A. of the car ordered, which A. failed to do; according to the appellant's contention, if B. sued A. on the replevin bond for damages, B. would be limited in his recovery to the value of the car at the time of the judgment in the replevin action. No further comment is necessary. The proposition is self-condemnatory. Judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, CAMPBELL, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 12.

*For reversal*—None.